UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE MARRERO,

    Plaintiff,

v.                        CASE NO.  3:20-cv-1147-MMH-JBT

STATE FARM FIRE AND
CASUALTY COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the undersigned on Defendant's Amended Motion to Dismiss Plaintiff's Complaint ("Motion") (Doc. 6), Plaintiff's Response thereto (Doc. 12), and Defendant's Reply (Doc. 21). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 22.) For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** to the extent that the Complaint (Doc. 3) be **DISMISSED** for lack of personal jurisdiction over Defendant **without prejudice** to refiling in a proper forum.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

## I. Background

This case was originally filed in the Fourth Judicial Circuit Court, in and for Duval County, Florida, and Defendant removed the case to this Court based on diversity jurisdiction. (*See* Doc. 1.) According to the Complaint, Plaintiff purchased a homeowner's insurance policy ("Policy") from Defendant covering property located in Maryland. (Doc. 3 at 2.) Plaintiff alleges that on or about January 24, 2019, the insured property suffered a covered loss. (*Id.*) Plaintiff brings a claim for breach of contract against Defendant, alleging that Defendant breached the Policy when it failed to fully indemnify Plaintiff for the loss. (*Id.*) Defendant now moves to dismiss the Complaint, arguing that Plaintiff has failed to establish the Court's personal jurisdiction over it. (*See* Doc. 6.)

## II. Legal Principles

### A. Pleading Standard

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "Vague and conclusory allegations do not satisfy this burden." *Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018) (citation and quotations omitted).[2] *See also Snow*

---

[2] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute

*v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) ("Snow relies solely on vague and conclusory allegations presented in his complaint, which are insufficient to establish a prima facie case of personal jurisdiction over Yarmuth.") (footnote omitted). "If the plaintiff doesn't meet his burden . . . the motion [to dismiss] should be granted." *Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 849 (11th Cir. 2020) (citations and quotations omitted).[3]

> [T]he standards enunciated in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 [ ] (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 [ ] (2009) apply to a Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2). That is, the facts in the complaint used to meet the threshold requirement of pleading a *prima facie* case must be more than mere statements providing "labels and conclusions" or "a formulaic recitation of the elements of [jurisdiction]." *Twombly*, 550 U.S. at 555, [ ]. Allegations that are "no more than conclusions, are not entitled to the assumption of truth," *see Iqbal*, 556 U.S. at 679, [ ], so they do not count toward establishing a *prima facie* case.

*Storms v. Haugland Energy Grp., LLC*, Case No. 18-cv-80334, 2018 WL 4347603, at *2 (S.D. Fla. Aug. 17, 2018), report and recommendation adopted, 2018 WL

---

binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

[3] Although the Court need not go further in the analysis, when a plaintiff satisfies his pleading burden, the burden then "shifts to the defendant to make a prima facie showing of the inapplicability of the [long-arm] statute." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)). If the defendant carries this burden, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint*.*" *Id.  See also Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990).

4347604 (S.D. Fla. Sept. 4, 2018).

### B. Substantive Law

"An analysis of whether personal jurisdiction exists requires a two-step inquiry." *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). First, the Court must determine "whether the exercise of jurisdiction is appropriate under [Florida]'s long-arm statute." *Id.* Second, the Court must "examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

Florida's long-arm statute "provides two categories of personal jurisdiction: specific jurisdiction, conferred under section 48.193(1), and general jurisdiction, conferred under section 48.193(2)." *Nw. Aircraft Capital Corp. v. Stewart*, 842 So. 2d 190, 193 (Fla. Dist. Ct. App. 2003). Section 48.193(2) confers general jurisdiction only on defendants who are "engaged in substantial and not isolated activity within this state." Section 48.193(1) confers specific jurisdiction "arising from" one of the acts enumerated in the long-arm statute. One such act is

"[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193(1)(a)(7).

Similarly, "[t]wo categories of jurisdiction are recognized under the Fourteenth Amendment's due process clause: general and specific. General jurisdiction over foreign business entities is recognized when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *MSP Recovery Claims Series, LLC v. Nationwide Mut. Ins. Co.*, Case No. 20-21573-CIV, 2021 WL 355133, at *3 (S.D. Fla. Feb. 2, 2021) (citations and quotations omitted). "A corporation's place of incorporation and its principal place of business are 'paradigm all-purpose forums.'" *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015).

"By contrast, specific jurisdiction is claim specific and requires the suit to arise out of or relate to the defendant's contacts with the forum." *MSP Recovery Claims Series, LLC,* 2021 WL 355133, at *3 (citations and quotations omitted). "[S]pecific jurisdiction is often referred to as 'connexity jurisdiction.'" *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 793 (11th Cir. 2017). "[S]pecific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action*." Id.* "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary

5

connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 286 (2014).

### III.   Analysis

The undersigned recommends that the Motion be granted because the Complaint does not contain sufficient allegations to make out a prima facie case of either specific or general personal jurisdiction. In short, the sparse allegations in the Complaint pertaining to personal jurisdiction are wholly conclusory and do not satisfy the *Twombly/Iqbal* standard.

Nowhere in the Complaint does Plaintiff explicitly address personal jurisdiction. Under a heading titled "Jurisdiction and Venue," Plaintiff alleges in relevant part: "Venue is appropriate in Duval County because the cause of action giving rise to the Complaint accrued in Duval County, as a result of Defendant's failure to pay benefits to the Insured in Duval County, Florida." (Doc. 3 at 1.)[4] On its face, this allegation addresses venue, not personal jurisdiction. However, even if this allegation is accepted as one regarding specific jurisdiction, it is still insufficient because it is wholly conclusory and provides no facts to show how this action, regarding an alleged breach of Plaintiff's homeowner's insurance policy for a home located in Maryland, has any connection to Florida. Moreover, it does not allege even Plaintiff's connection to Florida, much less Defendant's. In short, the undersigned recommends that Plaintiff's conclusory assertion, with no supporting

---

[4] The jurisdictional allegation pertains to the dollar threshold for jurisdiction of the Florida circuit court, not to personal jurisdiction. (Doc. 3 at 1.)

6

factual allegations or explanation, that Defendant "fail[ed] to pay benefits to the Insured" in Florida is insufficient to adequately allege specific jurisdiction.

The only other allegation possibly relevant to personal jurisdiction is that Defendant is a "privately held Foreign Profit Corporation, registered in the State of Florida." (*Id.* at 2.) This allegation could possibly relate to general jurisdiction.[5] However, it is plainly insufficient to make out a prima facie case for general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014) (noting that only in an "exceptional case" may "a corporation's operations in a forum other than its formal place of incorporation or principal place of business . . . be so substantial and of such a nature as to render the corporation at home in that State."); *Israel v. Alfa Laval, Inc.*, Case No. 8:20-cv-2133-02AAS, 2020 WL 7640730, at *3 (M.D. Fla. Dec. 23, 2020) ("[E]ven though Alfa Laval is registered to do business in Florida, courts have held this is not sufficient to establish general jurisdiction."); *Hinkle v. Cont'l Motors, Inc.*, 268 F. Supp. 3d 1312, 1327 (M.D. Fla. 2017) ("Although Cirrus and Kavlico have sales agents here and have registered to do business here, that alone is insufficient to confer [general] jurisdiction."). Thus, the undersigned recommends that Plaintiff has failed to meet his threshold burden of alleging sufficient facts regarding either specific or general personal

---

[5] Even if this allegation is read to relate also to the specific jurisdictional basis of "carrying on a . . . business venture," in Florida, Fla. Stat. § 48.193(1)(a)(1), it is insufficient because it merely alleges registration in Florida and it alleges no connection between such registration and Plaintiff's claim. *See MSP Recovery Claims Series, LLC*, 2021 WL 355133, at *4.

7

jurisdiction.[6]

Plaintiff has not requested leave to amend the Complaint. Considering that the Motion put Plaintiff on notice of the Complaint's jurisdictional deficiencies (Doc. 6 at 5), the undersigned recommends that the Court not grant Plaintiff leave to amend *sua sponte*. *See MSP Recovery Claims, Series LLC*, 2021 WL 1043892, at *5 (dismissing complaint without prejudice for lack of personal jurisdiction and denying plaintiffs' request for leave to amend as "both procedurally defective and lacking in substantive support"). *See also Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). Because the case is not being dismissed on the merits and the applicable statute of limitations appears not to have run, Plaintiff still has the opportunity to file the case in a proper jurisdiction.[7]

### IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

---

[6] Although Plaintiff presents additional information regarding personal jurisdiction in the Response, the Court need not consider that information because Plaintiff has failed to meet his initial pleading burden. *See Diulus*, 823 F. App'x at 849 ("The district court properly reviewed the allegations in the complaint, found them to be deficient, and dismissed the complaint. There was no reason for the district court to look elsewhere after the Diuluses failed to allege a prima facie case of personal jurisdiction.").

[7] *See Curry v. Trustmark Ins. Co.*, 600 F. App'x 877, 880 (4th Cir. 2015) ("In Maryland, a breach of contract action must be filed within three years of the date it accrues. Md. Code Ann., Cts. & Jud. Proc. § 5-101.").

1. The Motion (**Doc. 6**) be **GRANTED** to the extent stated herein.

2. The Complaint (**Doc. 3**) be **DISMISSED** for lack of personal jurisdiction over Defendant **without prejudice** to refiling in a proper forum.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** in Jacksonville, Florida, on May 24, 2021.

*[signature]*

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

9